UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

       Plaintiff,

v.

Case No. 2:13-cr-20187
Judge Gerald E. Rosen
Magistrate Judge Anthony P. Patti

MAURICE GHOLSTON and
ROBERT METCALF,

       Defendants.

_____/

**REPORT AND RECOMMENDATION TO DENY DEFENDANT GHOLSTON'S MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE (DE 65)**

**I.     RECOMMENDATION**: The Court should deny Defendant Gholston's June 21, 2016 motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence. (DE 65.)

**II.    REPORT:**

    **A.     Background**

Following a complaint, an indictment, and a first superseding indictment, Defendant Maurice Gholston entered into a Fed. R. Crim. P. 11 plea agreement on July 2, 2014. (DEs 1, 8, 12, 51.) As the factual basis for the guilty plea states:

> . . . on February 12, 2013, Defendant Gholston and a second individual entered the BP gas station located at 1781 S. Fort Street, Detroit, Michigan. At that time *they were masked and armed with a long gun*. After gaining access to the cashier's area, *the two threatened the gas station employee with the gun* and then *Gholston, who was the unarmed robber, grabbed the cash register from the counter*. They fled the location with approximately $1500.00 in cash that belonged to the BP gas station.
>
> The business robbed (BP Gas Station) on February 12, 2013 conducts business that affects interstate commerce and sells or otherwise distribute [sic] products that have traveled in interstate commerce.

(DE 51 at 2-3 (emphases added).) Among other things, this plea agreement includes provisions on sentencing and a waiver of appeal. (*Id*. at 4-6.)

Defendant Gholston was sentenced on February 17, 2015, and, on February 19, 2015, the Court entered judgment, by which he was sentenced to 24 months imprisonment on Count 1 (18 U.S.C. § 1951(a) - Interference With Commerce by Robbery) and 24 months on Count 2 (18 U.S.C. § 924(c) - Use of a Firearm During the Commission of a Violent Act), to run consecutively. (DE 64.)

**B.   Instant Motion**

Defendant Gholston is presently incarcerated at the Federal Bureau of Prisons (FBOP) FCI Beckley in West Virginia. *See* www.bop.gov, "Inmate Locator," (#48158-039). Currently before the Court is his June 21, 2016 *pro se* motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. (DE 65). Defendant Gholston's sole ground for relief appears to be that the Court

unlawfully applied 18 U.S.C. § 924(c), particularly in light of the U.S. Supreme Court's recent decision in *Johnson v. United States*, 135 S.Ct. 2551 (June 26, 2015). He requests that the Court vacate his 48 month sentence and resentence him to 24 months. (DE 65 at 4-5, 9.)

In its timely filed response, the Government contends that: (1) Defendant Gholston did not file his motion within the applicable limitations period (28 U.S.C. § 2255(f)); and, (2) the Supreme Court's decision in *Johnson* does not have an effect on 18 U.S.C. § 924(c) or whether a Hobbs Act robbery (18 U.S.C. § 1951(a)) is a crime of violence. (DE 67; DE 68 at 3-4, 4-13.) Defendant Gholston filed a reply on July 15, 2016, wherein he responds to the Government's arguments, seeks the appointment of counsel, requests a copy of or access to his "complete file," and asks for permission to "[e]xpand the record . . . ." (DE 71 at 4-16.)

### C.   Motions under 28 U.S.C. § 2255 to vacate, set aside or correct a sentence

Defendant Gholston brings the instant motion under 28 U.S.C. § 2255 to vacate, set aside or correct the sentence imposed by this Court on February 19, 2015. As the statute instructs:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum

authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C.A. § 2255(a). When such a motion is filed, "the court may appoint counsel, except as provided by a rule promulgated by the Supreme Court pursuant to statutory authority." 28 U.S.C. § 2255(g).[1]

### D. Analysis

#### 1. The difference between enhancements under 18 U.S.C. § 924(c) for a "crime of violence" and 18 U.S.C. § 924(e) for a "violent felony"

In conjunction with his conviction for Hobbs Act robbery (18 U.S.C. § 1951(a)), Defendant Gholston pled guilty to a violation of a federal firearms statute, namely 18 U.S.C. § 924(c). (DE 64 at 1.) This statute "enhances the sentence for anyone who '... during and in relation to a *crime of violence* or drug trafficking crime ... uses or carries a firearm....'" *United States v. Perry*, 991 F.2d 304, 309 n.1 (6th Cir. 1993) (quoting 18 U.S.C. § 924(c)(1)(A) (emphasis added)). The Federal Sentencing Guidelines provide that, "[i]f the defendant (1) was convicted of violating section 924(c) . . . of title 18, United States Code; and (2) as a result of that conviction (alone or in addition to another offense of conviction), is

---

[1] Although Defendant Gholston was previously represented by counsel (*see* DEs 3, 25, 28), he represents himself on the motion currently before the Court (DE 65). In his July 15, 2016 reply, he seeks the appointment of counsel. (DE 71 at 16 ¶ 1.) However, if the Court agrees with the foregoing analysis, it should decline to appoint counsel here.

4

determined to be a career offender under § 4B1.1 (Career Offender), the guideline sentence shall be determined under § 4B1.1(c)." U.S.S.G. 2K2.4(c). The Guidelines further provide that, "[a] defendant is a *career offender* if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a *crime of violence* or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a *crime of violence* or a controlled substance offense." U.S.S.G. 4B1.1(a) (emphases added); *see also* U.S.S.G. 4B1.2(a) (defining "crime of violence").

By contrast, the Armed Career Criminal Act (ACCA) "codified at 18 U.S.C. § 924(e), imposes a mandatory minimum sentence against any person convicted of violating 18 U.S.C. § 922(g) who has three prior convictions 'for a *violent felony* or a serious drug offense, or both, committed on occasions different from one another.'" *United States v. Brown*, 516 F. App'x 461, 463 (6th Cir. 2013) (quoting 18 U.S.C. § 924(e)(1) (emphasis added)). "A defendant who is subject to an enhanced sentence under the provisions of 18 U.S.C. § 924(e) is an *armed career criminal*." U.S.S.G. 4B1.4 (emphasis added).

> **2. Even after *Johnson*, Hobbs Act robbery (18 U.S.C. § 1951(a)) is a crime of violence under 18 U.S.C. § 924(c)(3)(A), and 18 U.S.C. § 924(c)(3)(B) is not unconstitutionally vague.**

5

Defendant argues that the Court unlawfully applied 18 U.S.C. § 924(c), seemingly because, following *Johnson*, his conviction under 18 U.S.C. § 1951(a) (Interference With Commerce by Robbery) does not constitute a "crime of violence" under 924(c)(3). (*See* DE 65 at 9, 11-16; DE 71 at 7-16.) This statute provides: "For purposes of this subsection the term 'crime of violence' means an offense that is a felony and--

> **(A)** has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
>
> **(B)** that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 924(c)(3). "The first clause, 924(c)(3)(A), is commonly referred to as the 'force' clause. The second, 924(c)(3)(B), is commonly referred to as the 'residual' clause[.]" *United States v. Moore*, No. 15-20552, 2016 WL 2591874, at *3 (E.D. Mich. May 5, 2016) (Steeh, J.).

> **a.  Hobbs Act robbery (18 U.S.C. § 1951(a)) is a crime of violence under the force / elements clause in 18 U.S.C. § 924(c)(3)(A).**

As noted above, the first count on which Defendant Gholston was sentenced is interference with commerce by robbery. (*See* DE 64, 18 U.S.C. § 1951(a).) The term "robbery" means:

> . . . the unlawful taking or obtaining of personal property from the person or in the presence of another, against his will, by means of actual or threatened *force*, or *violence*, or *fear of injury*, immediate or

6

future, to his person or property, or property in his custody or possession, or the person or property of a relative or member of his family or of anyone in his company at the time of the taking or obtaining.

18 U.S.C. § 1951(b)(1) (emphases added).

With an apparent "nod" to 18 U.S.C. § 924(c)(1)(A), U.S.S.G. 4B1.1(a), and U.S.S.G. 4B1.2(a)'s references to "crime of violence," Defendant contends that he "posed no substantial risk of injury…never possessed a weapon nor intended to possess a weapon[,]" and "was no more than an accomplice to a crime[.]" (DE 65 at 11, 13.) In other words, that his conduct did not pose a serious risk of physical injury to another, as at no time did he personally possess, brandish or threaten to use a firearm. (DE 65 at 11.) He also points out that he has no prior criminal history (which would increase the guideline range under 18 U.S.C. § 4B1.1 (U.S.S.G.)) and no arrest record, was released on bond for 2 years prior to entry of judgment and is a model inmate. (DE 65 at 13-16; *see also* DE 7, DE 11, DE 17, DE 42, DE 64 at 2.)[2] In addition, he argues that, as a "non-violent offender," he falls within the parameters indicated by *Johnson* and *Welch v. United States*, 136 S. Ct. 1257 (Apr. 18, 2016). (DE 65 at 14.) However, "[i]t is well-settled that whether a crime is one 'of violence' is a determination we make by looking to the

---

[2] Although temporarily detained on February 22, 2013, Defendant Gholston was released on bond shortly thereafter. (DE 4, DE 7.) It appears that he remained on bond up until the time judgment was entered. (*See* DE 11, DE 17, DE 42, DE 64 at 2).

statutory definition of the crime, rather than to the evidence presented to prove it." *United States v. Taylor*, 176 F.3d 331, 337 (6th Cir. 1999). Moreover, "[a] defendant may be found to have brandished a firearm under an aiding and abetting theory of liability." *United States v. Franklin*, 415 F.3d 537, 554 (6th Cir. 2005) (citing *United States v. Robinson,* 389 F.3d 582, 590–91 (6th Cir.2004)). *See also Rosemond v. United States*, 134 S. Ct. 1240, 1243 (2014) ("the Government makes its case [of aiding and abetting a § 924(c) offense] by proving that the defendant actively participated in the underlying drug trafficking or violent crime with advance knowledge that a confederate would use or carry a gun during the crime's commission."). In his reply, Defendant Gholston argues that "post-*Johnson*, Hobbs Act robbery fails to categorically qualify as a 'crime of violence[,]'" which should void his conviction and resulting sentence for Count 2 (18 U.S.C. § 924(c) - Use of a Firearm During the Commission of a Violent Act). (DE 71 at 5.) Pointing to several United States Supreme Court memorandum opinions, each of which remanded cases to the Sixth Circuit for further consideration in light of *Johnson* - including *United States v. Richardson*, 793 F.3d 612 (6th Cir. July 13, 2015) (on appeal from E.D. Mich. (Case Nos. 2:10-cr-20397-GER-VMM), *cert. granted, judgment vacated*, 136 S. Ct. 1157, 194 L. Ed. 2d 164 (Feb. 29, 2016))[3] -

---

[3] *See also* **(a)** *United States v. Strong*, 606 F. App'x 804 (6th Cir. 2015) (on appeal from W.D. Tenn.), *cert. denied*, 136 S. Ct. 140, 193 L. Ed. 2d 106 (Oct. 5, 2015), and *cert. granted, judgment vacated sub nom. Banks v. United States*, 136 S. Ct.

Gholston contends that "the Supreme Court has clearly and directly applied *Johnson* to both sentencing guideline and/or § 924(c) cases." (DE 71 at 6-7.)

However, the Court should conclude, as the Government posits, that "Hobbs Act robbery is a crime of violence under the elements clause in 18 U.S.C. § 924(c)(3)([A])." (DE 68 at 7-13, DE 71 at 5, 8, 9, 15, 16.) First, at least three decisions from this Court have reached a similar result. *See United States v. Morgan*, No. CR 14-20610, 2015 WL 9463975, at *2, *7 (E.D. Mich. Dec. 18, 2015) (report and recommendation of Grand, M.J., mooted by Roberts, J. on June 17, 2016) ("Hobbs Act Robbery is a 'Crime of Violence' Under § 924(c)[(3)(A)]'s Force Clause[.]"); *United States v. Moore*, No. 15-20552, 2016 WL 2591874, at *6 (E.D. Mich. May 5, 2016) (Steeh, J., denying motion to dismiss indictment and denying motion to dismiss Count 2 of the indictment) ("Hobbs Act robbery does not categorically fail to qualify as a crime of violence within 18 U.S.C. § 924(c)(3)(A) . . . ."), *Washington v. United States*, No. 11-20483, 2016 WL 4089133, at *1 (E.D. Mich. Aug. 2, 2016) (Edmunds, J., denying petitioner's motion to vacate conviction and/or sentence pursuant to 28 U.S.C. 2255(f)(3)&(4)) ("Courts both within this Circuit and outside of it have held, even in the wake of

---

365, 193 L. Ed. 2d 287 (Oct. 19, 2015); **(b)** *United States v. Caldwell*, No. 14-3805, 614 F. App'x 325 (6th Cir. June 9, 2015) (on appeal from N.D. Ohio), *cert. granted, judgment vacated*, 136 S. Ct. 417, 193 L. Ed. 2d 309 (Nov. 2, 2015); and **(c)** *United States v. Smith*, 582 F. App'x 590 (6th Cir. 2014) (on appeal from E.D. Tenn.), *cert. granted, judgment vacated*, 135 S. Ct. 2930, 192 L. Ed. 2d 967 (June 30, 2015).

*Johnson*, that Hobbs Act robbery qualifies as a crime of violence under the force clause of § 924(c)(3)(A), not the residual clause."). Second, most of the instances pointed out by Gholston, in which the Supreme Court has remanded cases to our circuit for further review in light of *Johnson* - namely *Strong / Banks*, *Caldwell* and *Smith* - do not involve convictions for Hobbs Act robbery (18 U.S.C. § 1951(a)).

Finally, *Richardson* - a case which did involve 18 U.S.C. § 1951 and 18 U.S.C. § 924(c) - is distinguishable from the case at bar. Although the Sixth Circuit's July 13, 2015 opinion affirmed this Court's December 4, 2013 judgment, Richardson filed a petition for a writ of certiorari on September 6, 2015, which included, among seven, the following two questions presented:

> DID THE DISTRICT COURT ERR IN INSTRUCTING THE JURY THAT MR. RICHARDSON COULD BE FOUND GUILTY OF §924(c) VIOLATIONS ON AN AIDER AND ABETTOR THEORY?
> …
>
> DID THE DISTRICT COURT ERR WHEN [IT] SCORED MR. RICHARDSON A CAREER OFFENDER BASED ON CONVICTIONS DEEMED ["]CRIMES OF VIOLENCE" SOLELY IN RELIANCE ON THE RESIDUAL CLAUSE OF U.S.S.G. § 4B1.2(a)(2), IN VIOLATION OF THE RIGHT TO DUE PROCESS AND *JOHNSON V. UNITED STATES*, 135 U.S. 2552 (2015)?

*See Richardson v. United States*, Case No. 15-6053 (U.S. Supreme Court) (Feb. 29, 2016). On February 29, 2016, the Supreme Court granted the petition for writ of certiorari, vacated the judgment, and remanded the case to the Sixth Circuit "for further consideration in light of *Johnson* . . .[,]" without further direction.

10

*Richardson*, 136 S. Ct. 1157 (2016). Six months thereafter, on August 29, 2016, the Sixth Circuit vacated the sentence and remanded the case to the district court for reconsideration of the sentence in light of *Johnson.* See Case No. 2:10-cr-20397-GER-VMM-2 (E.D. Mich.) (DEs 193, 228, 244 & 245.)[4] In other words, the remand in *Richardson* is the product of the Supreme Court granting a petition for writ of certiorari which concerned the constitutionality of the Guidelines' residual clause (U.S.S.G. § 4B1.2(a)(2)), not whether Hobbs Act robbery (18 U.S.C. § 1951(a)) is a crime of violence under the force / elements clause in 18 U.S.C. § 924(c)(3)(A).

### b. The residual clause in 18 U.S.C. § 924(c)(3)(B) is not unconstitutionally vague.

Defendant Gholston asserts that 18 U.S.C. § 924(c)(3)(B)'s residual clause is both "materially indistinguishable" from the ACCA's residual clause (18 U.S.C. § 924(e)(2)(B)(ii)), which was addressed in *Johnson*, and unconstitutionally vague. (DE 71 at 5, 9-10; *see also* DE 65 at 12, 16.) The Court should disagree.

Earlier this year, the Sixth Circuit addressed a vagueness challenge to 18 U.S.C. § 924(c)(3)(B). *United States v. Taylor*, 814 F.3d 340, 375-379 (6th Cir. Feb. 11, 2016). Specifically, the Court concluded that "[b]ecause § 924(c)(3)(B) is considerably narrower than the statute invalidated by the Court in *Johnson,* and because much of *Johnson's* analysis does not apply to § 924(c)(3)(B), Taylor's

---

[4] Mandate issued September 21, 2016.

argument in this regard is without merit." *Taylor*, 814 F.3d at 375-376 ("*Johnson* does not require reversal of Taylor's conviction, because several factors distinguish the ACCA residual clause from § 924(c)(3)(B)."). In at least two decisions since *Taylor*, the Sixth Circuit has maintained this position - *Shuti v. Lynch*, No. 15-3835, 2016 WL 3632539, at *8 (6th Cir. July 7, 2016) ("We understand *Taylor*, then, as applying *Johnson*'s real-world conduct exception to uphold the constitutionality of 18 U.S.C. § 924(c)(3)(B)."), *United States v. Rafidi*, No. 15-4095, 2016 WL 3670273, at *4 n.3 (6th Cir. July 11, 2016) ("Our Circuit recently held that *Johnson* does not invalidate the "residual clause" of § 924(c)(3)(B).") (citing *Taylor*, 814 F.3d at 379).[5]

The Court also notes Plaintiff's argument that the Hobbs Act robbery *in the instant case* is not a crime of violence under 18 U.S.C. § 924(c)(3)(B), as he "did not plead guilty admitting elements that constitute violence in the commission of the offense[,]" and contends that he is "actually innocent of the § 924(c) offense." (DE 71 at 10-16.) Plaintiff's claim that he is "actually innocent" of the 18 U.S.C. § 924(c) offense is based on an allegation that he "never admitted to using and/or

---

[5] *See also Moore*, 2016 WL 2591874, at *6 ("nor is the residual clause of § 924(c)(3)(B) unconstitutionally vague."), *Morgan*, No. CR 14-20610, 2015 WL 9463975, at *7-*9 ("18 U.S.C. § 924(c)(3)(B) is Not Unconstitutionally Vague[.]"), *United States v. Ledbetter*, No. 2:14-CR-127, 2016 WL 1128493, at *6 (S.D. Ohio Mar. 23, 2016) ("The Court Will not Dismiss Count Six Because the Sixth Circuit Has Determined that 18 U.S.C. § 924(c)(3)(B) Is not Unconstitutionally Vague.").

engaging in physically forceful behavior[,]" (DE 71 at 13-14), which is really an attack on the Court's compliance with Fed. R. Crim. P. 11(b)(3). However, to the extent Plaintiff takes issue with the validity of his July 2, 2014 Fed. R. Crim. P. 11 plea colloquy or same-day plea agreement (DE 51) – such as a contention that the Court did not comply with Fed. R. Crim. P. 11(b)(3) ("Determining the Factual Basis for a Plea.") – he has not properly framed his argument. *See United States v. Dominguez Benitez*, 542 U.S. 74, 83 (2004) ("[A] defendant who seeks reversal of his conviction after a guilty plea, on the ground that the district court committed plain error under Rule 11, must show a reasonable probability that, but for the error, he would not have entered the plea.").[6] The same is true to the extent Plaintiff requests that the Government provide him a complete file which has previously not been made available to him, or to the extent Plaintiff requests that the Court permit him to "[e]xpand the record to allow [him] to develop and discover facts, law, and material, relative to his claims of innocence[,]" (DE 71 at 16 ¶¶ 2, 3). At this stage of the proceedings, the Court cannot entertain a motion under Fed. R. Crim. P. 11(d) ("Withdrawing a Guilty or Nolo Contendere Plea."),

---

[6] *See also United States v. Lalonde*, 509 F.3d 750, 759 (6th Cir. 2007) (a defendant alleging a Fed. R. Crim. P. 11 violation, where he did not object before the district court, "'must show that there is (1) error, (2) that is plain, and (3) that affects substantial rights. If all three conditions are met, an appellate court may exercise its discretion to notice a forfeited error, but only if (4) the error seriously affects the fairness, integrity, or reputation of judicial proceedings.'") (quoting *United States v. Murdock,* 398 F.3d 491, 496 (6th Cir. 2005)).

as Plaintiff's sentence has been imposed. Fed. R. Crim. P. 11(e) ("After the court imposes sentence, the defendant may not withdraw a plea of guilty or nolo contendere, and the plea may be set aside only on direct appeal or collateral attack.").

### 3. The Court need not determine whether Defendant Gholston's motion to vacate, set aside or correct his sentence is untimely under 28 U.S.C. § 2255(f)(3).

28 U.S.C. § 2255 provides that "[a] 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of--

**(1)** *the date on which the judgment of conviction becomes final*;

**(2)** the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

**(3)** *the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review*; or

**(4)** the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f) (pertinent sections italicized).

Defendant Gholston's June 2016 motion is untimely under 28 U.S.C. § 2255(f)(1). As Defendant Gholston admits, and the docket in this case confirms, he did not appeal from the February 19, 2015 judgment of conviction. (DE 64, DE 65 at 2, 8.) "Generally, a conviction becomes final upon conclusion of direct

14

review." *Johnson v. United States*, 457 F. App'x 462, 464 (6th Cir. 2012).

However:

> . . . when a federal criminal defendant does not appeal to the court of appeals, the judgment becomes final upon the expiration of the period in which the defendant could have appealed to the court of appeals, even when no notice of appeal was filed. In most cases, that period is ten days, pursuant to Fed. R. App. P. 4(b)(1). However, in those cases where "excusable neglect or good cause" is shown, the district court may extend the appeal time an additional thirty days. Fed. R. App. P. 4(b)(4).

*Sanchez-Castellano v. United States*, 358 F.3d 424, 427 (6th Cir. 2004). Even if the Court determined that Defendant Gholston had until 40 days after his February 19, 2015 judgment by which to file an appeal, his judgment of conviction would have become final on or about March 30, 2015. Therefore, his June 2016 motion is untimely under 28 U.S.C. § 2255(f)(1).

To be sure, Defendant Gholston's reply clarifies that the support for his timeliness argument is found in Subsection 2255(f)(3). (*Compare* DE 65 at 8, DE 71 at 5-7.) Specifically, he argues that his motion is timely, because it was filed "well within one year" of the Supreme Court's June 26, 2015 decision in *Johnson*, *supra*. (DE 71 at 5.) Therein, the Supreme Court held that "imposing an increased sentence under the residual clause of the Armed Career Criminal Act [18 U.S.C. § 924(e)(2)(B)(ii)] violates the Constitution's guarantee of due process[,]" because it is "unconstitutionally vague." *Johnson*, 135 S. Ct. at 2557, 2563. Since then, the

Supreme Court has further explained that "*Johnson* is thus a substantive decision and so has retroactive effect under *Teague [v. Lane*, 489 U.S. 288 (1989)] in cases on collateral review." *Welch*, 136 S. Ct. 1at 1265.

It is the Government's position that *Johnson*'s retroactivity on collateral review is limited to cases involving the Armed Career Criminal Act (ACCA), and that the Supreme Court has neither applied *Johnson* to sentencing guidelines cases or to 18 U.S.C. § 924(c), nor has it applied *Johnson* retroactively on collateral review of these issues. (DE 68 at 4.) In essence, the Government argues that the timing of the Supreme Court's opinion in *Johnson* does not extend Gholston's period of limitations, because "the right asserted" was not "initially recognized *by the Supreme Court*," at least not with respect to the statutes at issue here. 28 U.S.C. § 2255(f)(3) (emphasis added).[7] While all of this poses an interesting issue

---

[7] This may be so; however, the Sixth Circuit has applied *Johnson* to Sentencing Guidelines cases involving U.S.S.G. § 4B1.2(a)'s definition of "crime of violence," if not under 18 U.S.C. § 924(c). *See United States v. Pawlak*, 822 F.3d 902, 903 (6th Cir. May 13, 2016) ("In light of *Johnson,* and given the legal force of the Guidelines as the framework for sentencing, we join the majority of our sister circuits in invalidating the Guidelines' "residual clause" [*i.e.*, U.S.S.G. § 4B1.2(a)] as unconstitutionally vague."); *Fleming v. United States*, No. 16-cv-10085, 2016 WL 3647999, *2, *5 (E.D. Mich. June 28, 2016) (Drain, J.) (mentioning *Johnson*, 18 U.S.C. § 924(e)(2)(B) and U.S.S.G. § 4B1.2(a)(2), finding that "Fleming was sentenced using an unconstitutional enhancement . . . ." and granting Fleming's § 2255 motion to vacate or correct sentence). *See also United States v. Binford*, 818 F.3d 261, 274 (6th Cir. Mar. 31, 2016) ("Following *Johnson,* the Supreme Court has vacated the sentences of offenders who were sentenced under the Guidelines' residual clause."); *United States v. Caldwell*, No. 14-3805, 2016 WL 2990999, at

for consideration, if the Court agrees with my foregoing recommendations, it need not determine whether the instant motion is tardy under 28 U.S.C. § 2255(f)(3).

### 4. Conclusion

Defendant's February 2015 Hobbs Act robbery conviction (18 U.S.C. § 1951(a)) is a crime of violence under the force / elements clause in 18 U.S.C. § 924(c)(3)(A), and his argument that the residual clause (18 U.S.C. § 924(c)(3)(B)) is unconstitutionally vague fails. As discussed above, these conclusions remain true even following the Supreme Court's June 25, 2015 decision in *Johnson*. Therefore, the Court should deny Defendant's June 21, 2016 motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence (DE 65).

## III. PROCEDURE ON OBJECTIONS

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Fed. R. Civ. P. 72(b)(2) and E.D. Mich. LR 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas*

---

*2 (6th Cir. May 24, 2016) ("if the district court based Caldwell's § 4B1.1 enhancement upon the residual clause of § 4B1.2(a)(2), Caldwell must be resentenced."); *In re: Embry*, No. 16-5447, 2016 WL 4056056, at *4 (6th Cir. July 29, 2016) ("The Supreme Court has not yet decided whether our decision in *Pawlak* is correct. That will happen next Term in *Beckles v. United States*, when the Court will decide whether the Guidelines' residual clause is unconstitutionally vague, and, if so, whether that holding applies retroactively."); and *United States v. Doxey*, No. 14-2600, 2016 WL 4395355, at *12 (6th Cir. Aug. 18, 2016) (citing *Pawlak*, 822 F.3d at 907).

*v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1273 (6th Cir. 1987). Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," and "Objection No. 2," *etc.* Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," *etc.* If the Court determines that any objections are without merit, it may rule without awaiting the response.

Dated: September 30, 2016        s/Anthony P. Patti
                                 Anthony P. Patti
                                 UNITED STATES MAGISTRATE JUDGE

I hereby certify that a copy of the foregoing document was sent to parties of record on September 30, 2016, electronically and/or by U.S. Mail.

                                            s/Michael Williams
                                            Case Manager for the
                                            Honorable Anthony P. Patti