UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff-Respondent,

v.

                                        Case No. 13-20187

MAURICE GHOLSTON,                                HON. AVERN COHN

    Defendant-Petitioner.

_____/

## ORDER OVERRULING PETITIONER'S OBJECTIONS (Doc. 82)
## AND
## ADOPTING REPORT AND RECOMMENDATION (Doc. 74)
## AND
## DENYING THE PETITION FOR WRIT OF HABEAS CORPUS
## AND
## DENYING A CERTIFICATE OF APPEALABILITY

I.

This is a case under 28 U.S.C. § 2255. Petitioner Maurice Gholston (Petitioner), proceeding pro se, plead guilty under a Rule 11 agreement. He was sentenced to 24 months imprisonment for violation of 18 U.S.C. § 1951(a) - Interference With Commerce by Robbery and 24 months imprisonment violation of 18 U.S.C. § 924© - Use of a Firearm During the Commission of a Violent Act, to run consecutively. Petitioner did not file a direct appeal. Instead, he filed a motion under 28 U.S.C. § 2255. His sole ground for relief is that this sentence violates the Supreme Court's decision in Johnson v. United States, 135 S.Ct. 2551 (June 26, 2015). He requested

that the Court vacate his 48 month sentence and resentence him to 24 months. The government says that the motion is untimely and lacks merit.

The motion was referred to a magistrate judge (Doc. 69). The magistrate judge issued a report and recommendation (MJRR), recommending that the motion be denied for lack of merit and that the Court decline to rule on whether the petition was timely filed. (Doc. 74).

Before the Court are Petitioner's objections to the MJRR.[1] (Doc. 82). For the reasons that follow, the objections will be overruled, the MJRR will be adopted, and the petition will be dismissed for lack of merit. The Court will also deny a certificate of appealability.

II.

A district court must conduct a de novo review of the parts of a magistrate judge's report and recommendation to which a party objects. 28 U.S.C. § 636(b)(1). The district "court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate" judge. Id. The requirement of de novo review "is a statutory recognition that Article III of the United States Constitution mandates that the judicial power of the United States be vested in judges with life tenure." United States v. Shami, 754 F.2d 670, 672 (6th Cir. 1985). Accordingly, Congress enacted 28 U.S.C. § 636(b)(1) to "insure[] that the district judge would

---

[1] The undersigned was recently assigned the case upon the retirement of the judge to whom the case was originally assigned. The original judge adopted the MJRR in the absence of objections. (Doc. 78). Petitioner then filed a motion to recall the order adopting the MJRR essentially contending he did not have an opportunity to file objections. (Doc. 80). The Court entered an order granting Petitioner 30 days in which to file objections. (Doc. 81).

2

be the final arbiter" of a matter referred to a magistrate judge. Flournoy v. Marshall, 842 F.2d 875, 878 (6th Cir. 1987).

III.

In his objections, Petitioner admits that the petition was not timely filed and asks that it be dismissed as such. Petitioner suggests that a dismissal on a procedural ground, such as the statute of limitations, better preserves his right to collateral review in the future. To the extent Petitioner believes that a dismissal based on the statute of limitations protects against application of the successive petition requirements, he is mistaken. A dismissal based on the statute of limitations is a decision on the merits, rendering a subsequent petition second or successive. See Murray v. Greiner, 394 F.3d 78, 81 (2d Cir.2005) ("We hold that dismissal of a § 2254 petition for failure to comply with the one-year statute of limitations constitutes an adjudication on the merits that renders future petitions under § 2254 challenging the same conviction 'second or successive' petitions under § 2244(b)."); Altman v. Benik, 337 F.3d 764 (7th Cir.2003) (prior untimely federal habeas corpus petition counts as "prior application" for purposes of limitations on second or successive petitions). Thus, a dismissal on the grounds that the petition is untimely still subjects Petitioner to the requirements for filing a successive petition.

Regardless of the statute of limitations, Petitioner also addresses the merits of his claim, contending that the magistrate judge erred in finding that he is not entitled to relief. Petitioner's objections essentially repeat the arguments considered and rejected by the magistrate judge. The magistrate judge fully explained why the Supreme Court's decision in Johnson has no effect on Petitioner's sentence for violation of 18 U.S.C.

§ 924(c) or whether a Hobbs Act robbery conviction is a crime of violence. Nothing in Petitioner's objections convince the Court that the magistrate judge erred in his analysis.

IV.

Accordingly, for the reasons stated above, Petitioner's objections are OVERRULED. The MJRR is ADOPTED as the findings and conclusions of the Court. Petitioner's motion under 28 U.S.C. § 2255 is DENIED. Finally, because reasonable jurists would not debate whether Petitioner is entitled to relief on his claim, a certificate of appealability is also DENIED. See 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).[2]

This case is DISMISSED.

SO ORDERED.

S/Avern Cohn

AVERN COHN
UNITED STATES DISTRICT JUDGE

Dated: May 10, 2017
Detroit, Michigan

---

[2] Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254, provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), 28 U.S.C. foll. § 2254.